IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD K. ERMOIAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07 C 1314 |
| LASALLE CAPITAL L.L.C.; MELVIN SECURITIES L.L.C.; and COOKE MELVIN L.L.C., | ) ) ) ) ) | Judge Milton I. Shadur |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendants LaSalle Capital, L.L.C., Melvin Securities, L.L.C. and Cooke Melvin, L.L.C. and unofficial Defendants Christopher Melvin Jr. and William Lillwitz (collectively, "Defendants"), by their undersigned counsel, and pursuant to Fed. R. Civ. Pro. 12(b), hereby move this Court for entry of an order dismissing Plaintiff's Complaint of Employment Discrimination in its entirety, for lack of subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief can be granted. In support of this Motion, Defendants state as follows:

I.  **BACKGROUND**

On January 23, 2006, Plaintiff, an at-will employee, was discharged from his position as a trader with LaSalle Capital, L.L.C. ("LaSalle Capital"), following violations of LaSalle Capital's trading rules. On March 8, 2006, Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") against Cooke Melvin, L.L.C. ("Cooke Melvin") and Melvin Securities, L.L.C. ("Melvin Securities"), alleging employment discrimination based upon Plaintiff's age.

On August 23, 2006, Plaintiff filed an Amended Charge with the EEOC which included LaSalle Capital as a named Respondent as well as allegations of retaliation.

On December 7, 2006, the EEOC dismissed the Charge as it was unable to conclude that a violation of the federal statutes had occurred. Plaintiff was then given the Right to Sue in federal court based upon the allegations in his Charge.

On March 8, 2007, Plaintiff filed a *pro se* Complaint of Employment Discrimination (the "Complaint") naming LaSalle Capital, Melvin Securities and Cooke Melvin as defendants. In addition, Plaintiff impermissibly lists individuals Christopher Melvin Jr. ("Melvin") and William Lillwitz ("Lillwitz") as additional defendants in Paragraph 3 of the Complaint.

In the Complaint, Plaintiff alleges that Defendants discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, in that Defendants (a) terminated his employment and (b) failed to disburse his final paycheck.[1]

Defendants Melvin Securities and Cooke Melvin seek to dismiss the Complaint as it relates to them in that they were not Plaintiff's employer at the time of his discharge. To the extent Plaintiff is seeking any remedies against Melvin and Lillwitz individually, they each move to dismiss themselves from the Complaint as they were not named as Respondents in the Charge, nor were they served in this proceeding. Regardless, there is no individual liability under the ADEA. Defendant LaSalle Capital moves to dismiss the Complaint in that although it was Plaintiff's employer at the time of

---

[1] Plaintiff has since received his final paycheck from LaSalle Capital which was sent to him on March 16, 2007, minus fines that were imposed against Plaintiff by the Chicago Stock Exchange during his employment by LaSalle Capital. Plaintiff acknowledged receipt of this final paycheck on March 22, 2007.

his discharge, LaSalle Capital had less than twenty employees during the requisite statutory period, so it did not qualify as an "employer" under the ADEA.

Therefore, Defendants bring this Motion to Dismiss the Complaint in its entirety.

II. **MOTION TO DISMISS**

A motion to dismiss is properly granted if it appears beyond doubt that the plaintiff is unable to prove any set of facts consistent with the complaint which would entitle the plaintiff to relief. *Baker v. Westinghouse Elec. Corp.*, 70 F.3d 951, 954 (7th Cir. 1995). As set forth below, it is beyond doubt that Plaintiff will be unable to prove any set of facts that would entitle Plaintiff to any relief against Melvin Securities, Cooke Melvin, Melvin, Lillwitz or LaSalle Capital. As such all Defendants should be properly dismissed from Plaintiff's Complaint.

III. **NEITHER MELVIN SECURITIES NOR COOKE MELVIN WERE PLAINTIFF'S EMPLOYER AT THE TIME OF HIS TERMINATION**

Plaintiff was originally hired in or about September 2002 by Melvin Specialists, LLC ("Melvin Specialists"), not named as a defendant here. On or about October 31, 2003, Plaintiff became employed by Melvin Securities, and was no longer employed by Melvin Specialists. Melvin Specialists was eventually dissolved.

On or about March 7, 2005, Plaintiff became employed by LaSalle Capital, a separately registered broker-dealer, and was no longer was employed by Melvin Securities.

Plaintiff was never employed by Defendant Cooke Melvin. Plaintiff's position was as a Specialist – an individual assigned specific stocks to trade at the Chicago

Stock Exchange ("CHX"). Cooke Melvin is a holding company, and never acted as or was registered as a broker-dealer or CHX member.

Plaintiff was eventually discharged from his employment with LaSalle Capital following his violations of LaSalle Capital's trading rules.

Attached hereto is an Affidavit from Bryon Taylor ("Taylor"), keeper/custodian of the books and records for Cooke Melvin, wherein he confirms that Plaintiff was never employed by Cooke Melvin. *See* Affidavit of Taylor, attached hereto as Exhibit "A."

Also attached is an Affidavit of William Lillwitz, President of LaSalle Capital. Lillwitz confirms that Plaintiff was hired and eventually discharged by LaSalle Capital on or about January 23, 2006. *See* Affidavit of Lillwitz, attached hereto as Exhibit "B."

As such, since Plaintiff's allegations of employment discrimination in connection with his termination of employment relate only to his former employer LaSalle Capital, Defendants Cooke Melvin and Melvin Securities request that they be dismissed from the Complaint with prejudice.

### IV. INDIVIDUAL LIABILITY IS NOT PERMITTED UNDER THE ADEA AND THEREFORE NEITHER MELVIN NOR LILLWITZ CAN BE NAMED INDIVIDUALLY AS DEFENDANTS IN THE COMPLAINT

The Seventh Circuit has long ago addressed the issue of individual liability under the civil rights statutes, and has determined that a supervisor does not, in his individual capacity, fall within these statutes' definitions of an "employer," reasoning that the term "employer" is a statutory expression of traditional respondeat superior liability and that the proper method for recovery is for the plaintiff to sue the employer. See *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995); *Robinson v. Sappington*, 351 F.3d 317, 332 n.9 (7th Cir. 2003).

As such, Melvin and Lillwitz, named in Paragraph 3 of Plaintiff's Complaint in their individual capacities, were operating without risk of ADEA personal liability. In addition, neither Melvin nor Lillwitz were named individually as Respondents in Plaintiff's original Charge or Amended Charge or given the opportunity to respond to Plaintiff's allegations. Nor was Melvin or Lillwitz served as Defendants in this proceeding. Therefore, to the extent that Plaintiff is attempting to name Melvin and Lillwitz in their individual capacities in his Complaint, they respectfully request that they each be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim on which relief can be granted.

## V. LASALLE CAPITAL HAD LESS THAN THE STATUTORILY REQUIRED NUMBER OF EMPLOYEES DURING THE RELEVANT TIME PERIOD TO BE SUBJECT TO LIABILITY UNDER THE ADEA

Section 630(b) of the ADEA defines the term "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." The purpose of this minimum requirement is to facilitate the entry of small businesses into the marketplace by sparing them "from the potentially crushing expense of mastering the intricacies of the anti-discrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940 (7th Cir. 1999).

The Seventh Circuit has held that "current calendar year" under the ADEA refers to the year in which the alleged violation occurred and includes the calendar year from January 1 through December 31. *Rogers v. Sugar Tree Products, Inc., 7 F.3d 577, 580 (7th Cir. 1994)*. Pursuant to paragraph 6 of the Complaint, Plaintiff was allegedly

discriminated against beginning on or about January 17, 2006, thus the applicable years at issue to determine whether the minimum requirement was met under the ADEA are 2005 and 2006.

Although the issue as to whether LaSalle Capital employed the requisite number of employees to qualify as an employer under the ADEA has been held to not be jurisdictional, it is a substantive matter that Plaintiff must prove in order to establish his claim. In his Complaint, Plaintiff does not allege specifically that LaSalle Capital had the requisite twenty or more employees to qualify as an employer covered by the ADEA. As shown below, LaSalle Capital had less than twenty employees during the calendar years 2005 and 2006, and therefore does not meet the threshold requirement of the ADEA's definition of employer.

As of January 1, 2005, LaSalle Capital employed only eight employees. *See* chart of LaSalle Capital employees listed by dates of hire, attached hereto as Exhibit "1" to Lillwitz Affidavit. On February 1, 2005, LaSalle Capital hired another employee and in April 2005, LaSalle Capital hired five additional employees. These new hires brought its total number of employees to fourteen.

On May 1, 2005, LaSalle Capital hired another employee, raising its number of employees to fifteen. On September 12, 2005, LaSalle Capital hired another, and on September 30, 2005, two employees left LaSalle Capital's employ. This reduced their total number of employees to fourteen.

In October 2005, LaSalle Capital hired three new employees and one individual left its employ. This brought the total number of employees as of November 1, 2005, to sixteen.

In November 2005, a new employee was hired, which raised the total number of LaSalle Capital employees to seventeen. In January 2006, one employee left LaSalle Capital and Richard Ermoian was discharged. This lowered the number of LaSalle Capital employees to fifteen. In March 2006, another employee left LaSalle Capital and in April 2006, LaSalle Capital hired four new employees. As such, LaSalle Capital employed eighteen people as of May 1, 2006.

In May 2006, LaSalle Capital hired another individual which brought their total number of employees to nineteen. In mid-June 2006, LaSalle Capital hired another and LaSalle Capital had twenty employees until mid-July 2006, when one employee left, bringing the total back down to nineteen.[2]

In August 2006, another employee left making eighteen and in September 2006, two more employees left, bringing the total number of employees down to sixteen.

In November 2006, one employee left LaSalle Capital and in December 2006, another individual left its employ. So by years end, LaSalle Capital employed fourteen individuals.

Accordingly, at no point during the calendar years 2005 and 2006 did LaSalle Capital employ the minimal number of employees for the requisite period of time so as to be subjected to liability under the ADEA. As such, LaSalle Capital requests that it be dismissed from the Complaint with prejudice.

---

[2] Although for one brief period, LaSalle Capital employed twenty individuals, it was only for approximately four weeks time, much less than the statutory twenty or more calendar weeks as required under the ADEA.

## VI. LASALLE CAPITAL IS AN INDEPENDENT ENTITY, SEPARATE AND APART FROM MELVIN SECURITIES AND COOKE MELVIN

At the initial status hearing, Plaintiff suggested that Defendants LaSalle Capital, Melvin Securities and Cooke Melvin should be considered as a single employer. As set forth above, however, LaSalle Capital is a separate, independent entity that employed and subsequently discharged Plaintiff and since it did not employ the requisite number of employees as set forth above, it must be dismissed from the Complaint.

LaSalle Capital was a separately created entity, operating under a separate broker-dealer registration. LaSalle Capital was formed as an independent Illinois Limited Liability Company in February 2004. *See* Illinois Articles of Organization for LaSalle Capital, attached hereto as Exhibit "2" to Lillwitz Affidavit. LaSalle Capital had separate offices and management from Melvin Securities. *See* Lillwitz Affidavit. The only thing common to both entities was indirect majority ownership by Christopher Melvin, Jr.

As such, because LaSalle Capital is separate and apart from both Melvin Securities and Cooke Melvin, and does not meet the minimum threshold number of employees for liability under the ADEA, it respectfully requests that it be dismissed from the Complaint with prejudice.

## VI. CONCLUSION

For the reasons stated above, Defendants respectfully request that an order be entered granting the following relief:

1) that Defendants Melvin Securities and Cooke Melvin be dismissed from the Complaint;

2) that, to the extent they are named as Defendants in their individual capacities, Christopher Melvin Jr. and William Lillwitz be dismissed from the Complaint; and

3) that Defendant LaSalle Capital L.L.C. be dismissed from the Complaint, thereby dismissing Plaintiff's entire Complaint with prejudice.

Dated: May 21, 2007

Respectfully submitted,
DEFENDANTS

By: _____
One of their attorneys

Michael Wise, Esq.
Paul M. Weltlich, Esq.
LAWRENCE, KAMIN, SAUNDERS
 & UHLENHOP, L.L.C.
208 South LaSalle Street
Suite 1750
Chicago, Illinois 60604
(312) 372-1947

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD K. ERMOIAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 1314 |
| LASALLE CAPITAL L.L.C.; MELVIN SECURITIES L.L.C.; and COOKE MELVIN L.L.C., | ) Judge Milton I. Shadur ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF BRYON TAYLOR

I, Bryon Taylor, on oath state that this Affidavit is made on my personal knowledge and that, if I were sworn as a witness, I could competently testify to the following facts:

1. As part of my financial duties with Cooke Melvin as keeper/custodian of its books and records, I have access to and am familiar with its company records.

2. Based upon my review of Cooke Melvin's employment records, I can state that Richard K. Ermoian ("Ermoian") was never employed in any capacity by Cooke Melvin.

3. Cooke Melvin is a holding company and has no employees other than Chris Melvin. It is maintained for administrative purposes only and employs no traders.

Dated: May 21, 2007

_____
Bryon Taylor

[ ]   Under penalties as provided by law pursuant to ILL. REV. STAT.
      Chap. 110, § 1-109 I certify that the statements set forth herein
      are true and correct.

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD K. ERMOIAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C 1314 |
| LASALLE CAPITAL L.L.C.; | ) Judge Milton I. Shadur |
| MELVIN SECURITIES L.L.C.; and | ) |
| COOKE MELVIN L.L.C., | ) |
| Defendants. | ) |

## AFFIDAVIT OF WILLIAM LILLWITZ

I, William Lillwitz, on oath state that this Affidavit is made on my personal knowledge and that, if I were sworn as a witness, I could competently testify to the following facts:

1. I am the President of LaSalle Capital, L.L.C. ("LaSalle Capital").

2. As part of my duties with LaSalle Capital, I have access to and am familiar with its employment records.

3. Based upon my position with LaSalle Capital and my review of its employment records, I can state that Richard K. Ermoian ("Ermoian") was hired by LaSalle Capital on or about March 7, 2005. Ermoian was subsequently discharged from his position with LaSalle Capital on or about January 23, 2006.

4. Attached hereto as Exhibit "1" is a true and correct list of all employees of LaSalle Capital during the calendar years 2005 and 2006, along with their employment and termination dates.

5. At no time during the calendar years 2005 and 2006 did LaSalle Capital employ twenty or more employees for each working day in each of twenty or more calendar weeks.

6. Attached hereto as Exhibit "2" is a true and correct copy of the Illinois Articles of Organization for LaSalle Capital, which was prepared and filed in February 2004.

7. LaSalle Capital maintained separate offices and management from Melvin Securities. The only thing common to both entities was indirect majority ownership by Christopher Melvin, Jr.

**EXHIBIT "B"**

Dated: May 21, 2007

_____
William Lillwitz

[ ]   Under penalties as provided by law pursuant to ILL. REV. STAT.
      Chap. 110, § 1-109 I certify that the statements set forth herein
      are true and correct.

## LaSalle Capital LLC Employees
## 2005-2006

| DATE OF HIRE | DATE OF DISMISSAL | LAST NAME | FIRST NAME |
|---|---|---|---|
| 05/01/05 | 09/30/05 | Alexa | Kenneth |
| 04/26/05 | 08/01/06 | Backus | Matthew |
| 04/01/06 | | Botta | Marco |
| 03/08/02 | | Botta | Vito |
| 04/27/05 | 09/30/05 | Brown | Daniel |
| 05/01/06 | 09/01/06 | Burke | Joseph |
| 04/01/06 | 07/15/06 | Cardenas | Jason |
| 04/27/05 | 01/31/06 | Cohen | Bradley |
| 02/02/04 | | Czaika | Daniel |
| 06/15/06 | 09/01/06 | Dressel | Dustin |
| 12/16/02 | 02/28/06 | Ermoian | Richard |
| 03/15/04 | | Fillippo | Joseph |
| 04/01/06 | | Hallman | Kenneth |
| 02/01/05 | 10/26/05 | Jegen | Paul |
| 11/14/05 | | Kanady | Malcolm |
| 4/1/2006 | | Keirner | George |
| 09/12/05 | | Lee | Stanley |
| 10/21/05 | 03/31/06 | Levy | Eric |
| 09/01/95 | | Lillwitz | William |
| 10/21/05 | | Lyall | Greing |
| 03/01/97 | | Ose | Richard |
| 10/06/05 | | Quinn | Jay |
| 04/27/05 | 12/01/06 | Salvatore | Stephen |
| 04/25/05 | 11/01/06 | Salvatore | James |
| 08/01/03 | | Stiger | Bryan |
| 09/25/00 | | Zawko | Joel |

Exhibit 1 to Exhibit "B"



# OFFICE OF THE SECRETARY OF STATE

JESSE WHITE • Secretary of State

FEBRUARY 25, 2004

0112323-8

    MICHAEL WISE
    208 S LASALLE ST STE 1750
    CHICAGO, IL 60604-0000

RE LASALLE CAPITAL, L.L.C.

DEAR SIR OR MADAM:

IT HAS BEEN OUR PLEASURE TO APPROVE AND PLACE ON RECORD THE ARTICLES OF ORGANIZATION THAT CREATED YOUR LIMITED LIABILITY COMPANY. WE EXTEND OUR BEST WISHES FOR SUCCESS IN YOUR NEW VENTURE.

THE LIMITED LIABILITY COMPANY MUST FILE AN ANNUAL REPORT PRIOR TO THE FIRST DAY OF ITS ANNIVERSARY MONTH NEXT YEAR. A PRE-PRINTED ANNUAL REPORT FORM WILL BE SENT TO THE REGISTERED AGENT AT THE ADDRESS SHOWN ON THE RECORDS OF THIS OFFICE APPROXIMATELY 60 DAYS PRIOR TO ITS ANNIVERSARY MONTH.

DUE TO STATUTORY CHANGES IN THE LIMITED LIABILITY COMPANY ACT, CERTIFICATES OF ORGANIZATION WILL NO LONGER BE ISSUED WITH THE ARTICLES OF ORGANIZATION.

SINCERELY YOURS,


JESSE WHITE
SECRETARY OF STATE

DEPARTMENT OF BUSINESS SERVICES
LIMITED LIABILITY COMPANY DIVISION
TELEPHONE (217)524-8008

JW:LLC

| Form **LLC-5.5**<br>December 2003<br>Jesse White<br>Secretary of State<br>Department of Business Services<br>Limited Liability Company Division<br>Room 351, Howlett Building<br>Springfield, IL 62756<br>http://www.cyberdriveillinois.com | Illinois<br>Limited Liability Company Act<br>Articles of Organization<br><br>LC0300229 | This space for use by<br>Secretary of State<br><br>FILE DATE 2/25/2004<br><br>JESSE WHITE<br><br>SECRETARY OF STATE |
|---|---|---|
| Payment must be made by certified check, cashier's check, Illinois attorney's check, Illinois C.P.A.'s check or money order, payable to "Secretary of State." | This space for use by Secretary of State<br>Date 2/25/2004<br>Assigned File # 0112 323 8<br>Filing Fee $500.00<br>Approved: PMM | |

1. Limited Liability Company Name: <u>LaSalle Capital, L.L.C.</u>

   (The LLC name must contain the words limited liability company, L.L.C. or LLC and cannot contain the terms corporation, corp., incorporated, inc., ltd., co., limited partnership, or L.P.)

2. The address of its principal place of business: (Post office box alone and c/o are unacceptable.)
   <u>111 West Jackson Boulevard, Suite 2110</u>

   <u>Chicago, IL 60604</u>

3. The Articles of Organization are effective on: (Check one)

   a) __X__ the filing date, or b) _____ another date later than but not more than 60 days subsequent to the filing date: _____
   (month, day, year)

4. The registered agent's name and registered office address is:

   Registered agent: Michael                   Wise
                     First Name    Middle Initial    Last Name

   Registered Office:  208 South LaSalle Street, Suite 1750
   (P.O. Box and      Number         Street              Suite #
   c/o are unacceptable)  Chicago, IL 60604    Cook County
                          City           ZIP Code          County

5. Purpose or purposes for which the LLC is organized: Include the business code # (IRS Form 1065).
   (If not sufficient space to cover this point, add one or more sheets of this size.)

   "The transaction of any or all lawful business for which limited liability companies may be organized under this Act."

6. The latest date, if any, upon which the company is to dissolve __Perpetual__.
   (month, day, year)
   Any other events of dissolution enumerated on an attachment. (Optional)

LLC-4.8

**LLC-5.5**

7. Other provisions for the regulation of the internal affairs of the LLC per Section 5-5 (a) (8) included as attachment:
   *If yes, state the provisions(s) from the ILLCA.*  ☐ Yes  ☒ No

8. a) Management is by manager(s):  ☒ Yes  ☐ No
   *If yes, list names and business addresses.*
   Epsilon Holdings, L.L.C.
   111 West Jackson Boulevard, Suite 2110
   Chicago, IL 60604

   0099 848 6

   b) Management is vested in the member(s):  ☐ Yes  ☒ No
   *If yes, list names and addresses.*

9. I affirm, under penalties of perjury, having authority to sign hereto, that these articles of organization are to the best of my knowledge and belief, true, correct and complete.

   Dated _____**February 25**_____, __2004__
              (Month/Day)              (Year)

   **Signature(s) and Name(s) of Organizer(s)**                   **Address(es)**

   1. _____[signature]_____                    1. __208__   __S. LA SALLE STE 1750__
              Signature                                 Number          Street
      Michael Wise,                                    __Chicago__
      (Type or print name and title)                              City/Town
                                                       __IL__           __60604__
      (Name if a corporation or other entity)          State            ZIP Code

   2. _____                         2. _____
              Signature                                 Number          Street

      (Type or print name and title)                              City/Town

      (Name if a corporation or other entity)          State            ZIP Code

   3. _____                         3. _____
              Signature                                 Number          Street

      (Type or print name and title)                              City/Town

      (Name if a corporation or other entity)          State            ZIP Code

(Signatures must be in ink on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.)

LLC-4.8

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, state that on May 21, 2007, I served a copy of the attached document by addressing a copy to the person listed below and depositing same in the U.S. Mail, first class postage prepaid, at 208 South LaSalle Street, Chicago, IL before 4:30 p.m.

> Richard K. Ermoian
> 407 69th Street
> Kenosha, WI 53143

_____