IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD K. ERMOIAN,            )
                               )
               Plaintiff,      )
                               )
     v.                        )     No. 07 C 1314
                               )
LaSALLE CAPITAL L.L.C., et al.,)
                               )
               Defendants.     )

## MEMORANDUM ORDER

Limited liability companies LaSalle Capital L.L.C., Melvin Securities L.L.C. and Cooke Melvin L.L.C. (collectively "Companies") and two individual defendants (Christopher Melvin, Jr. and William Lillwitz, collectively "Individuals") have filed what their counsel label as a Fed. R. Civ. P. ("Rule") 12(b) motion to dismiss the Complaint of Employment Discrimination in this case for (1) an asserted lack of subject matter jurisdiction and (2) an asserted failure to state a claim upon which relief can be granted. Pro se plaintiff Richard Ermoian ("Ermoian") has just filed a detailed response to the motion. Because nonlawyer Ermoian has outlawyered the experienced law firm representing defendants, their motion is denied.

To begin with, a telltale deficiency in the motion lies in its extensive reliance on factual materials, something that is verboten in Rule 12(b)(6) terms and, though permitted to some extent where subject matter jurisdiction is challenged, in this instance reflects a mistaken view of jurisdiction. This Court

plainly has jurisdiction over the subject matter of Ermoian's claims.  What both the Companies and the Individuals are asserting is rather that he will be unable to bring them within the scope of those claims.

Thus it may or may not be true that the Companies (or as they would have it, the relevant Company) do not meet the 20-or-more employees standard for a covered "employer" under 29 U.S.C. §630(b), but that cannot be said at this stage of the case based solely on defendants' ipse dixit.  Instead Ermoian is entitled to engage in appropriate discovery on the issue, and he may prove to be right that the Companies must be looked at collectively rather than, as they assert, as separate entities to be judged on a one-by-one basis.

As for the Individuals, their motion is quite correct in asserting that they were not Ermoian's "employers" within the ADEA definition.[1]  But with the understanding that their present retention in the case is limited to the potential of their liability on corporate-veil-piercing or alter-ego grounds or the like (with Ermoian acting pro se, his pleading is entitled to the generous reading mandated by <u>Haines v. Kerner</u>, 404 U.S. 519, 520-

---

[1] Indeed, Ermoian's handwritten completion of the printed Complaint of Employment Discrimination form provided by this District Court's Clerk's Office for pro se litigants is confusing on that score:  It lists only the three Companies in the case caption, yet it refers to the Individuals as "defendants" in Complaint ¶3.

21 (1972)(per curiam), they will not be dismissed out at this time.

Whatever the impact of the "plausibility" concept just promulgated by the Supreme Court in Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) may be in this class of case (in that respect, see that Court's per curiam opinion just two weeks later in Erickson v. Pardus, 551 U.S. --, 127 S.Ct. 2197 (2007)), Ermoian's Complaint passes muster in that respect. In short, the Rule 12(b)(6) motion to dismiss has failed.

To be sure, the last sentence of Rule 12(b) permits a court to convert a Rule 12(b)(6) motion to one under Rule 56, but under the circumstances here any such attempted conversion would unquestionably (and properly) be met with a Rule 56(f) response calling for discovery (to say nothing of defendants' current noncompliance with this District Court's LR 56.1). This is just another way of emphasizing the obvious fact that any Rule 56 motion at this threshold stage of the litigation is patently premature.

As stated at the outset, then, defendants' motion to dismiss is denied. Because this action has previously been set for a status hearing at 9 a.m. June 22, 2007, on or before that date defense counsel are ordered:

    1. to comply (if they have not already done so) with this Court's initial scheduling order, including conferring

with Ermoian and providing him with the advance disclosures required under Rule 26 and

    2. to file an answer to the Complaint on behalf of all defendants.

At the June 22 status hearing this Court anticipates discussing with Ermoian and defense counsel the further proceedings called for in this action.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: June 15, 2007